**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY ANNA WILSON, | : | |
| | : | Civil Action No. 05-1944 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SALEM COUNTY CORRECTIONAL | : | |
| FACILITY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Mary Anna Wilson
P.O. Box 13
Salem, NJ 08079

**SIMANDLE**, District Judge

Plaintiff Mary Anna Wilson, a prisoner confined at Salem County Correctional Facility in Woodstown, New Jersey, at the time she submitted this Complaint,[1] seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights.  Based on her affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

---

[1] Plaintiff has advised the Court that she is no longer confined.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff was arrested for an undescribed crime. She alleges that officers of the Salem County Police Station conducted an improper investigation, improper search and seizure, false imprisonment, and defamation of character. Plaintiff alleges that personnel of the Salem County Prosecutor's Office conducted improper court procedures, improper handling of court paperwork, and false imprisonment. Plaintiff makes the same allegations against two personnel of the Salem County Superior Court Criminal Case Management Office. Specifically, Plaintiff alleges that Joe Dipedro interviewed him about his case without permitting her counsel to be present and that Debbie Yachtes did not respond to Plaintiff's letter complaining about the interview. Finally, Plaintiff alleges that personnel of the Salem County Correctional Facility violated her rights, improperly handled court paperwork, and engaged in improper court proceedings.

Plaintiff alleges that she was taken to what she believed was a bail hearing, but it was actually a pre-sentence hearing, and her counsel was not present.  She also alleges that she was taken to a bail hearing, but wasn't told it was the only bail hearing she would be permitted.  Finally, Plaintiff alleges some failure to record the results of a case about child support.  It is not clear against which Defendants these allegations are directed.

In the caption of the Complaint, Plaintiff names as Defendants the Salem County Correctional Facility, the Salem County Prosecutor's Office, the Salem County Police Station, and the Salem County Superior Court Criminal Case Management Office. In the text of the Complaint, she names as additional defendants Warden J. Heffner, Social Rehab Worker A.L. James, Social Rehab Worker Sherry Kent, and Administrator Mrs. Massey from the Salem County Correctional Facility, Criminal Case Management Officers Joe Dipedro and Debbie Yachtes from the Salem County Superior Court Criminal Case Management Office, John Doe police officers from the Salem County Police Station, and John Doe personnel of the Salem County Prosecutor's Office.

She requests that the proper court proceedings take place, that she be treated by jail personnel as the handbook issued to her directs, and that the court records be corrected to reflect the results of the child support proceeding.

II. <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

5

>    injured in an action at law, suit in equity, or other
>    proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law."  [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983.  The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The second occurs where "no rule has been announced as policy but federal law has been violated by an act of

>  the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

In general, where a plaintiff seeks to establish liability based on a supervisor's (or municipality's) failure to train or supervise adequately, the plaintiff must show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy. City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990). In Farmer v. Brennan, 511 U.S. 825, 834-42 (1994), however, the Supreme Court stated that Canton's objective standard is not an appropriate basis for predicating supervisory liability on prison officials accused of violating the Eighth Amendment's proscription against inhumane conditions of confinement. Instead, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Cf. Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

## IV.  ANALYSIS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston).

Here, the Court can discern no allegations suggesting a basis for liability or for this Court to provide the requested injunctive relief.

With respect to the personnel of Salem County Correctional Facility, the allegation that they have deprived Plaintiff of her constitutional rights is too vague and conclusory to put the defendants on notice of what they are alleged to have done wrong.

Nor can this Court discern how an error in court records by personnel of the Salem County Superior Court translates to a constitutional violation.  Even if this Court could discern a constitutional violation, it lacks jurisdiction to order personnel of the Salem County Superior Court to alter their records.  Nor does this Court possess jurisdiction to compel the Salem County Superior Court or its personnel to pursue "proper" proceedings, as Plaintiff requests.

Title 28 U.S.C. § 1361 provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court.  See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991).  Nor is any employee of the Salem County Superior Court "an officer or employee of the United States or any agency thereof" against whom this Court may issue a writ of mandamus under § 1361.

10

The All Writs Act, 28 U.S.C. § 1651(a) permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While § 1651 permits this Court to issue a writ of mandamus in aid of its own jurisdiction, it does not confer upon federal courts general jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See, e.g., In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir.), cert. denied, 454 U.S. 1098 (1981); Bronson v. Supreme Court of Pennsylvania, 1989 WL 100048 (E.D. Pa. Aug. 25, 1989); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (and cases cited therein). Such a petition is properly brought before the state court with supervisory power over the allegedly errant court. See Afrika v. Goldman, 1986 WL 9494 (E.D. Pa. Aug. 28, 1986); In re Campbell, 264 F.3d at 732.

Section 1651 does not confer jurisdiction on this Court to issue a writ of mandamus "against state officials for violations of their duties under state law." See Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461 (7th Cir. 1988). Nor does this Court possess jurisdiction to issue a writ of mandamus to compel state officials to perform discretionary functions. See Rothstein v. Montana State Supreme Court, 637 F.Supp. 177, 178 (D. Mont. 1986). The requested writ would not in any manner aid

this Court in the exercise of its jurisdiction as required for the issuance of a writ under § 1651(a).

Moreover, it is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); Middlesex Co. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state issues are involved."). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). Here, Plaintiff complains about actions of court personnel in

relation to an ongoing criminal matter.  She fails to indicate that the state proceedings do not afford an adequate opportunity to raise claims regarding such events as court personnel interviewing her outside the presence of her lawyer or court proceedings, such as pre-sentence hearings, taking place without her lawyer.

Finally, the Court notes that any claim that Plaintiff's conviction or sentence were obtained in violation of her Sixth Amendment right to counsel is premature until such time as her conviction and/or sentence have been otherwise invalidated.  See Heck v. Humphrey, 512 U.S. 477 (1994).

With respect to the claim against the Salem County prosecutors, they appear to be immune.  "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v.

Fitzsimmons, 509 U.S. 259, 273 (1993). It appears that the investigatory and prosecutorial activities undertaken by prosecutors here fall within the category of activities for which they are immune from suit under § 1983.

Finally, Plaintiff alleges that the Salem County Police Station and the officers involved with her case conducted an improper investigation, and subjected her to an improper search and seizure, defamation, and false imprisonment. Once again, these allegations are too conclusory to put the defendants on notice of what they are alleged to have done wrong. See, e.g., In re Tower Air, Inc., 416 F.3d 229, 236-38 (3d Cir. 2005) (a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests).

In addition, in a complaint such as this alleging multiple claims against multiple defendants it is imperative that the complaint conform to the requirements of Rule 10(b), which requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

## V.   CONCLUSION

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for

failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.[2]  An appropriate order follows.

                                         **s/ Jerome B. Simandle**
                                         Jerome B. Simandle
                                         United States District Judge

Dated:  **October 13, 2005**

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.